**Catherine M. Mathers, Esq., State Bar No.221983**
**James C. Jardin, Esq., State Bar No. 187482**
**Denisse O. Gastélum, Esq., State Bar No. 281771**
**COLLINS COLLINS MUIR + STEWART LLP**
**1100 El Centro Street**
**South Pasadena, CA  91030**
**(626) 243-1100 – FAX (626) 243-1111**
**Email: cmathers@ccmslaw.com, jjardin@ccmslaw.com**
Attorneys for Defendants, COUNTY OF LOS ANGELES, AND SHERIFF LEROY BACA

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF JONATHAN NAJERA, by and through Antonia Nejera; ANTONIA NAJERA and ALFREDO NAJERA, <br><br> Plaintiffs, <br><br> vs. <br><br> COUNTY OF LOS ANGELES; LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, AND IN THEIR PERSONAL CAPACITY SHERIFF LEROY BACA, AND DOES 1 THROUGH , INCLUSIVE, <br><br> Defendants. | CASE NO. CV12-03167 DMG (MRWx) <br> *[Assigned to the Hon. Dolly M. Gee, Courtroom 7]* <br><br> **DECLARATION OF BRAND COOPER IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS** <br><br> Date:      March 29, 2013 <br> Time:      9:30 a.m. <br> Courtroom: 7-2nd Floor, 312 Spring <br>            Los Angeles, CA 90012 <br><br> **Complaint Filed:     04/12/12** <br><br> **Trial Date:            10/15/13** |

I, Brand Cooper, hereby declare as follows:

1.      I am an attorney duly licensed to practice law before all courts in the State of California.  I am a partner in the law firm of Cooper & Bruning, LLP located in Pasadena, California. I have been retained as an expert by defendant County of Los Angeles ("COLA") in connection with plaintiffs' motion for fees

1

sought by the Law Offices of Sonia Mercado & Associates, the Law Offices of Mark Pachowicz, and attorney R. Samuel Paz. In particular, I have been requested to opine pursuant to a lodestar analysis on: (1) the prevailing market rate for attorneys handling civil rights litigation of this type in the Southern California area during the period in question and (2) the reasonableness of the time expended by Plaintiffs' counsel in representation of Plaintiffs in this matter. I make this declaration as an expert witness, based on my knowledge, skill, experience, training and education and those matters that may reasonably be relied upon by an expert in forming an opinion.  If called upon as a witness, I could and would competently testify thereto.

1.      **My Experience and Qualifications:**

2.      I have been a practicing attorney in California for more than 34 years. I am currently active in handling litigation for clients. I have also actively practiced in the area of legal fee review and analysis for more than 25 years having handled fee dispute litigation for clients as well as having testified as an expert on fee dispute matters on more than 75 occasions in both state and federal courts as well as in arbitration proceedings - please see my CV and List of expert testimony attached hereto as Exhibits "A" and "B" respectively.

3.      For approximately the first 10 years of my professional career, I worked almost entirely in the litigation field, with most of my cases involving tort, contract and business litigation. Since approximately 1985, I have devoted substantially all of my time to insurance coverage/bad faith and intellectual property litigation and attorney fee disputes.  I have tried numerous jury and court trials over the course of my career. I have represented hundreds of clients in fee disputes including a wide variety of corporate clients, governmental entities and insurance companies throughout the United States in reviewing legal billing statements for their reasonableness.

///

**DECLARATION OF BRAND COOPER IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFFS' PETITION FOR ATTORNEYS' FEES AND COSTS**

4.     Some of the matters I have worked on include the fee dispute in the Dow Corning litigation relating to 40,000 breast implant lawsuits, including about a dozen class action suits.   Dow Corning was asking the insurers to pay for approximately $200 million dollars in fees and costs it had incurred in defending itself.   In addition I worked on the San Juan, Puerto Rico fire litigation involving millions of dollars of fees sought by the defense attorneys from the insurer of the hotel as well as the Health Net class action in New Jersey involving over $50 million in legal fees.  I have also reviewed and provided my opinion on hundreds of cases involving fees in seven and eight figure amounts and have testified at trial or by declaration as an expert in over fifty occasions in State and Federal courts as well as in arbitrations regarding the reasonableness and necessity of billings and their allocation. The cases which I have reviewed involve almost every kind of litigation and almost every size of law firm. In the course of this work, I have become familiar with the billing practices and fees and rates charged by law firms around the country for all kinds of litigation.

5.     Private companies have hired me to develop and implement litigation management programs and I have been hired specially to monitor cost effectiveness in litigation on behalf of corporate clients.   Additionally, I have been retained by large corporations to locate and retain outside counsel on select cases, and negotiate and draft fee agreements for specialized situations. I have lectured extensively on the subject of litigation cost control, including the presentation of full day seminars in the United States and Great Britain.

6.     I have also developed a proprietary computer software program called Lauditors which unscrambles bills and allows for easy understanding of the amounts of time and charges associated with each of the tasks undertaken in order to be able to more easily determine among other issues, the reasonableness of the fees charged. These reports provide us with a great deal of objective information that allow us to determine the most fundamental information about the manner and

3

**DECLARATION OF BRAND COOPER IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFFS' PETITION FOR ATTORNEYS' FEES AND COSTS**

method by which the matter was litigated and facilitate our determinations of reasonableness such as whether or not the law firm appropriately staffed the particular matter being reviewed.  After generating our reports, we then prepare our analysis which involves the categorization and quantification of all of the billing entries.  We are then able to review a summary of the results of the categorization and quantification process to assist in our reasonableness analysis.

## 2.    Introduction

7.    Following a settlement of this matter by way of an offer of judgment pursuant FRCP 68 of $500,000.00 and reasonable attorneys' fees, plaintiffs' counsel have brought a motion for fees requesting $399,030.00 in fees on behalf of three separate law firms.  The fees are based on time submitted by five attorneys and one paralegal.  Four of the attorneys are senior partner level attorneys (with attendant rates requested between $700 to $850 per hour) who have submitted time of 507 hours of the total of 507.30 hours at a blended hourly rate of $768 per hour.

8.    The case was resolved well short of trial with a minimal amount of work having been performed by plaintiffs' counsel in this case.  Plaintiffs filed a complaint and a first amended complaint by way of stipulation.  There were only three depositions taken for a total of approximately 15 hours.  There was minimal written discovery and only one law and motion matter involving plaintiffs' request for documents of the defendant County's death review report.

## 3.    Summary of Opinions

9.    It is my opinion that the rates being sought by plaintiffs' counsel well exceed the prevailing market rates in Los Angeles for a matter of this kind.  This was an individual civil rights action not a class action and did not involve any complex constitutional issues or complex issues of any kind.  It is my opinion that the matter was inappropriately staffed using four senior level attorneys who did essentially 100% of the work most of which would generally be performed by attorneys with associate level experience.  This is an inappropriate billing practice

4

---

**DECLARATION OF BRAND COOPER IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFFS' PETITION FOR ATTORNEYS' FEES AND COSTS**

that would not be tolerated by a private client in the private sector and the U.S. Supreme Court in <u>Hensley v. Eckerhart</u> therefore has held that it is not allowable under a federal fee-shifting statute to be passed upon to an adversary party.

10. In addition to the excessive rates, in my opinion the handling of this matter by three separate law firms has led to unreasonable duplicative time being spent on routine tasks such as the preparation of the complaint which was extensively drafted, reviewed and revised by all four senior attorneys. I also found time submitted by the plaintiffs' counsel which fall within other improper billing categories such as excessive inter-office conferencing, vague billing descriptions, and billing for clerical tasks.

**4.** **Lodestar Analysis of the Reasonable Hourly Rates of Timekeepers:**

       **A.** **Lodestar Test**

11. The traditional American rule of law is that litigants are to bear their own attorneys' fees in connection with a litigated matter. However, there are a number of exceptions to this general rule including a number of "fee-shifting statutes," such as the federal civil rights statutory scheme, in particular, 42 U.S.C. §1988 which provides that the court, in its discretion, may allow the prevailing party a reasonable attorney's fee as part of costs. In this case, plaintiffs were prevailing parties under an offer of acceptance of judgment pursuant to FRCP 68.

12. Generally, unless the fee shifting statute specifically provides otherwise, reasonable attorneys' fees are to be determined by using the lodestar methodology. [<u>Meister v. Regents of University of California</u>, (1998) 67 Cal.App. 4th 437, 448-449] Thus, the trial court's determination of reasonable attorneys' fees is typically done through a "lodestar" analysis which starts with a determination of <u>the number of hours</u> <u>reasonably expended on the litigation multiplied by a</u> <u>reasonably hourly rate prevailing in the community for similar work</u>. [<u>Hensley v. Eckerhart</u>, 461 U.S. 424, 433 (1983); <u>Blum v. Stenson</u>, 465 U.S. 886, 895-896 (1984)]. The U.S. Supreme Court in <u>Blum</u> explained that, in seeking some basis for

5

an objective standard of the prevailing market rate, courts properly have required prevailing attorneys to justify the reasonableness of the requested rates by producing satisfactory evidence – in addition to the attorney's own affidavits – that the requested rates are in line with those prevailing in the community <u>for similar services</u> by lawyers of reasonably comparable skill, experience, and reputation. [<u>Blum</u>, id., fn. 11]

### B.   Reasonable Rate Determination

13.   Both the U.S. Supreme Court and the Ninth Circuit Court of Appeals have made clear that rates to be determined under the lodestar analysis should be prevailing market rates - those rates which are adequate to attract competent counsel but which do not produce windfalls to attorneys. [<u>Hensley v. Eckerhart</u> (1983) 461 U. S. 424, 430;  <u>Welch v. Met. Life Ins. Co., 480 F. 3d 942, 946 (9th Cir. 2007)</u>]  Further, "hourly rates should not exceed the market rates necessary to encourage competent lawyers to undertake the representation in question" [<u>Real v. Continental Group Inc.</u> 653 F. Supp. 736, 738 (N.D. Cal. 1987); <u>Reed v. Rhodes</u>, 179 F. 3d 453,472]

14.   Prevailing market rates are established by reference to the fees that competent private attorneys would charge their <u>paying</u> clients for <u>legal work of similar complexity</u> [<u>Davis v. City of San Francisco</u>, 976 F. 2d 1536, 1545 (9th Cir. 1992); <u>Welch v. Met. Life Ins. Co</u>, 480 F. 3d 942, 946 (9th Cir. 2007)].  Recently, United States District Court Magistrate Hollows (Eastern District of California), in making his findings and recommendations regarding an attorney fee application pursuant to the fee shifting provisions of 42 USC §1988, succinctly commented on the critical necessity of actually looking to what the market is paying in determining a reasonable rate.  This exercise seems to have been overlooked by many Courts in more recent opinions. He stated the following:

> In this case, as in most cases reviewed by the undersigned,
> there is no hard, objective evidence concerning what a

**DECLARATION OF BRAND COOPER IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFFS' PETITION FOR ATTORNEYS' FEES AND COSTS**

"*paying client*" *would actually disburse to his lawyer in comparable litigation.* See also <u>Welch v. Met. Life Ins. Co., 480 F. 3d 942, 946 (9th Cir. 2007)</u> emphasizing "paying clients." Rather, calculation of the rate in this case, and in general, appears to have been, for the most part, an exercise in hypothesizing what a paying client might pay (if ever there were one to be found), and getting one's litigation allies to chime in – "that's what my rate is too." Then, an hourly rate becomes "established," when courts actually award that hourly rate. The potential for unwarranted inflation of the then established "reasonable hourly rate" is great because the increase methodology is also not based on hard, economic data, but on the same attorney suppositions, extrapolations and alliances which set the rate in the first place – enough to make a first year economics student blush with embarrassment.

<u>Taylor v. Chiang</u>, 2009 U.S. Dist. LEXIS 13470

15.     Thus, the reasonable rate is not what attorneys proclaim their rates are in a vacuum or what they would like them to be but rather *the rate which is adequate to attract competent counsel* but not to produce a windfall to attorneys [<u>Blum v. Stenson</u>, supra, p. 1546].  Nor is the prevailing market rate the rates quoted by the most expensive law firms in town.  In other words, in determining what are prevailing market rates, court decisions uniformly counsel that what is reasonable is not the highest rate in the community that well-to-do clients pay to the handful of the most noted and expensive law firms.  While it is certainly the prerogative of any client to hire an expensive law firm based on the client's perceived potential exposure, when such a litigant seeks to cause another party to pay his legal fees, an objective reasonableness standard prevails which

7

contemplates that reasonable attorneys' fees *should not exceed the market rates necessary to encourage competent lawyers to undertake the representation in question* [Real v. Continental Group, Inc., 653 F. Supp. 736, 738 (N.D. Cal. 1987); Soltysiak v. Unum Provident, 480 F. Supp. 2d 970; Coulter v. State of Tennessee, 805 F. 2d 146, 149 (6th Cir. 1986); Chandler v. Village of Chagrin Falls, 2007 U.S. Dist. Lexis 1223].  The Real court, quoting the Coulter court, explained as follows:

> [Reasonable hourly rates] are different from the prices charged
> to well-to-do clients by the most noted lawyers in a region.
> Under these [fee-shifting] statutes, a renowned lawyer who
> customarily receives $250 an hour in a field in which
> competent and experienced lawyers in the region normally
> receives $85 an hour should be compensated at the lower rate.

[Real, *supra*, 653 F. Supp. at 738; see also Pressley v. Haeger, 977 F.2d 295, 299 (7th Cir. 1992), which holds that prevailing plaintiffs are not entitled to a "fair" or "just" price for legal services but the market price for legal services.]

16.   Defendant County of Los Angeles is therefore only obligated to pay the rate charged by reasonably competent counsel (not counsel of unusual skill or experience).  Plaintiffs' attorneys in this case claim to have unusual skill and experience but this claim is not determinative of the lodestar rate to be awarded under 42 U.S.C. §1988 [Blum v. Stenson, id; Yahoo, Inc. v. Net Games, Inc., (2004) 329 F. Supp. 1179, 1183-1185].  Under the lodestar analysis, even if a party chooses to employ counsel of unusual skill and experience, the Court is nevertheless constrained to award only the rate necessary to secure reasonably competent counsel. The average market rate in the local legal community to perform similar services as a whole is a better approximation of the hourly rate that would be charged by reasonably competent counsel than the actual billing rate charged by a single attorney.

///

**DECLARATION OF BRAND COOPER IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFFS' PETITION FOR ATTORNEYS' FEES AND COSTS**

### C.   Fee Applicants' Burden of Proof:

17.   The plaintiff has the burden of proof to establish that the rates requested conform to the prevailing market rates [Blum v. Stenson, 465 U.S. 886, 895; United Steelworkers of America v. Phelps Dodge Corp., 896 F. 2d 403, 407 (9th Cir. 1990)].   The declarations of Mr. Litt and Ms. Sobel as well as the declarations of plaintiffs' counsel do not provide evidence of the prevailing market rate in this community for similar services.   For example, declarant attorney Carol Sobel does not have paying clients who pay her claimed rate to handle civil right's litigation.   Ms. Sobel purports to establish her rate as a "market rate" by using rates paid to partners at large firms handling complex business litigation or complex class action litigation who charge at the very top end of the rate scale in the Los Angeles legal community. (See Sobel declaration, ¶¶ 16-23)   Similarly, the declaration of attorney Litt relies upon cases involving complex federal civil rights class action litigation in his attempt to support the rates sought by plaintiffs' counsel herein ranging between $700 to $850 per hour.   Once again, declarant Litt attempts to correlate the rates sought by plaintiffs' attorneys in this action to rates of senior partners at the most expensive largest law firms in the country.   (See Litt declaration, ¶ 23). This approach misses the mark of the inquiry before this Court since these rates are: (1)  those quoted by the most expensive lawyers in the area and (2) rates which are quoted from law firm surveys for entirely dissimilar litigation.

18.   While certain civil rights complex class action federal litigation could be considered to be comparable to other equally complex federal litigation, such as anti-trust cases, and thereby command similar rates (as noted by the Blum Court), that is not this case.   The problem with the supporting declarations and analysis by the plaintiffs' counsel is that this particular case is not a complex civil rights class action lawsuit.   This case did not involve any complex constitutional issues or require the navigation of complex federal procedure in the nature of a class action

9

lawsuit.  This action involved the denial of the civil rights of an individual who was murdered in the Los Angeles County jail as a result of the purported failure of defendant COLA to provide proper keep-away classification of a co-defendant witness who testified against co-defendant known prison gang members.   No evidence has been presented by the plaintiffs to meet their burden of establishing what a paying client would pay counsel to perform comparable legal work of complexity that was required to prosecute so as to enable this Court to determine what the unadorned lodestar fee amount should be.

19.    In a recent decision regarding ERISA, a federal fee shifting statute, defendants opposed the fee application on the grounds that the rates of plaintiffs' counsel were unsupported by the evidence presented.  Judge Sammartino of the United States District Court for the Southern District of California in the case of Kochenderfer v. Reliance Standard Life Insurance Co., [2010 U.S. Dist. LEXIS 41330] agreed with the defendants' objection.  In doing so, Judge Sammartino noted that the relevant question is what private attorneys of an ability and reputation comparable to that of prevailing counsel charge their paying clients for legal work of similar complexity, citing the Ninth Circuit opinion in Davis, supra.   Judge Sammartino noted that, while plaintiffs submitted numerous attorney declarations, those declarations failed to carry plaintiffs' burden since they did not establish that a paying client would pay plaintiffs' counsel their requested rate for legal work of similar complexity.

20.    The Kochenderfer court found that the declarations of plaintiffs' counsel did not state that a paying client had ever paid them the requested rate for the type of work involved and the other supporting declarations similarly did not offer evidence of what a paying client would actually pay for doing comparable work.  In particular, Judge Sammartino noted the following:

> [T]he value of these declarations is questionable because they are both self-serving and self-perpetuating.  Each of

**DECLARATION OF BRAND COOPER IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFFS' PETITION FOR ATTORNEYS' FEES AND COSTS**

these attorneys work on ERISA matters and claiming that the rates charged by Plaintiff's counsel, no matter how high, is in their own interest.  A high award in this case would support the declarants' own high hourly rate requests in the future.  Ultimately, the rates plaintiff's attorneys requests appear to have little basis of what an arms-length agreement with a paying client would produce.

[Kochenderfer v. Reliance Standard Life Insurance Co., 2010 U.S. Dist. LEXIS 41330.]

### D.  Reasonable Prevailing Rates in the Los Angeles Community

21.  Simply put, this was neither a class action nor a complex case.  The $700 to $850 hourly rates sought by plaintiffs' counsel are what plaintiffs admittedly acknowledge are the rates charged by partners in large law firms to their corporate/institutional clients for handling major, complex business litigation. Large firm billing rates are generally much higher than small firm rates due to the much higher overhead structures, operating expenses, and the compensation obligations large firms face.  But, ordinarily it would neither be reasonable nor necessary to have a large law firm litigate a civil rights law matter such as this one. Moreover, it is my experience that the rates quoted by the large law firms are often publicly quoted high to allow the impression of discounts when the actual rates  are agreed  upon. Despite their published hourly rates in surveys upon which the plaintiffs herein rely, large law firms in Los Angeles today, frequently make discounted and/or "alternative" rate deals with various corporate/institutional clients for various types of legal work which are not reflected in their published hourly rates.  Moreover, and more importantly, the high rates in the $700 - $800 per hour range are usually only applicable to major business litigation and some complex class actions which generally command the highest, least – discounted rates.  It is therefore not proper to utilize these high rates as any form of benchmark

**DECLARATION OF BRAND COOPER IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFFS' PETITION FOR ATTORNEYS' FEES AND COSTS**

from which to determine the prevailing market rate which a paying customer would pay and which a reasonably competent attorney would accept in the defense of this type of civil rights lawsuit.

22.    In order to determine the reasonable prevailing market rates for the handling of individual civil rights litigation against the County of Los Angeles in the Los Angeles legal community, my partner, Robert Bruning contacted attorneys and law firms in the Los Angeles area who specialize in this type of litigation and represent fee-paying clients such as the City of Los Angeles and the County of Los Angeles.  We have also included the rates of the defense counsel in this case, Collins Collins Muir & Steward LLP.  Our office spoke with attorneys at the following law firms: (1) Hausman & Sosa; (2) Gutierrez Preciado & House; (3) Lawrence Beach Allen & Choi (4) Harold G. Becks & Associates; and (5) Collins Collins Muir & Stewart.  We determined from these sources that the hourly rates charged by law firms in the Los Angeles legal community to handle a non-class action civil rights litigation during the period in question are as follows:

(1)    Hausman & Sosa  -  Hausman & Sosa is a nine attorney law firm located in Tarzana, California.  One of its primary areas of practice is trial litigation on behalf of municipal entities such as the County of Los Angeles and City of Los Angeles.  We spoke with founding partner Jeffrey M. Hausman.  Mr. Hausman is a 40-year practicing attorney in California and is routinely retained by the County of Los Angeles and City of Los Angeles to handle various trial matters including cases involving the defense of non-class action civil rights litigation.  Mr. Hausman stated that the firm charges and is paid a blended hourly rate of $155 per hour for both partners and associates for that type of litigation by the County of Los Angeles and a $175 per hour blended rate by the City of Los Angeles.

(2)    Gutierrez Preciado & House – Gutierrez Preciado & House LLP is a 10-attorney law firm with its office in Pasadena, California.  We spoke with partner Calvin R. House, 25-year attorney who handles a number of practice areas

12

including police misconduct personal injury litigation.  Mr. House confirmed that, with respect to individual civil rights litigation, his firm charges and is paid a blended hourly rate of $155 per hour for partners and associates by the County of Los Angeles.

(3)     Lawrence Beach Allen & Choi  - Lawrence Beach Allen & Choi  is a 20-attorney law firm with offices in Los Angeles and Orange County.  One of the primary areas of practice is public entity civil rights defense litigation.  We spoke with attorney Scott Caron who similarly confirmed that their firm charges and is paid to handle individual civil rights defense litigation by the County of Los Angeles at a blended hourly rate of $155 per hour for both partners and associates.

(4)     Harold G. Becks & Associates - We spoke with senior partner Harold Becks, a 38-year California attorney who is routinely retained by the County of Los Angeles to represent it in connection with civil rights litigation. Mr. Becks also confirmed that his firm charges and is paid a blended hourly rate of $155 per hour for partners and associates to handle the defense of non-complex, non-class civil rights litigation as well as similar type cases for the County of Los Angeles.

(5)     Collins Collins Muir & Stewart LLP – We spoke with James Jardin who is one of the attorneys representing the County of Los Angeles in this matter. Mr. Jardin confirmed that his firm charged and was paid in this matter a blended hourly rate of $155 per hour for partners and associates to handle the defense of this non-complex, non-class action civil rights litigation and has been paid that rate in similar type cases to represent the County of Los Angeles.

Based on our review of actual attorneys who routinely handle these types of matters in the Los Angeles area, it is therefore apparent that the market rate for this type of civil rights litigation is on the low end of the spectrum for litigation generally as these rates appear to be comparable to personal injury and wrongful death litigation.

///

13

**DECLARATION OF BRAND COOPER IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFFS' PETITION FOR ATTORNEYS' FEES AND COSTS**

E.  **Opinion as to Prevailing Market Rates for Non-Class Action, Non-Complex Civil Rights Litigation in the Los Angeles Area**

23.  In my opinion, the prevailing market rates for the handling of a non-class, non-complex civil rights matter should represent the rates which fee paying clients would actually pay to reasonably competent attorneys to handle such a matter in the Los Angeles legal community.  Once again, this is not the rate of the most skilled practitioners in the field of law nor is it the rate of the most expensive attorneys, nor is it the rate for the largest law firms nor the rate that would be commanded by complex litigation.  From my survey of practitioners as well as my general knowledge of rates that are actually paid in the Los Angeles legal market, the $700 to $850 per hour requested rates by plaintiffs' counsel are therefore in my opinion excessive and well above the rate necessary to attract competent representation in the Los Angeles area.

24.  I nevertheless recognize that the defense law firms who handle non-class action, non-complex civil rights litigation for public entities traditionally are paid lower rates due to the volume of work given to those firms by the public entities.  Therefore, in arriving at a prevailing market rate for the plaintiff law firms, I have considered that plaintiff's counsel in these types of cases are representing a client on an individual matter and typically do so on a contingency basis rather than representing a fee-paying client.  I have therefore significantly enhanced the recommended rate for plaintiff counsel above the rate charged by defense counsel in these types of matters to account for the representation of a client on an individual basis rather than on a volume basis and representation of a client on a contingency basis pursuant to the guidance and dictates of the U.S. Supreme Court under Hensley and Blum  and their progeny.

25.  There was nothing new, novel, arduous or complex either substantively or procedurally about the case.  Investigation was performed, a complaint was

14

prepared, limited written discovery was propounded, a couple of depositions taken and the case was settled by way of an acceptance of offer of pursuant to FRCP Rule 68.  Other than one law and motion matter, there were no major law and motion hearings involving motion for summary judgment or motion to dismiss.  The matter settled well before any trial was scheduled in the matter.

26.   In my opinion, the rates which would necessary to attract reasonably competent counsel to handle this civil rights matter on an individual basis and which would be paid by a paying client for this type of case in the Los Angeles community during the time in question would be no more than:

(1) $350.00 per hour for partners with a high degree of experience in this type of matter (this would include the rates for attorneys Paz, Mercado, Pachowicz, and Tron to the extent they were performing partner level services).

(2) $225.00 per hour for a junior partner or associate with significant experience;

(3) $125.00 per hour for paralegals with experience.

///
///
///
///
///
///
///
///
///
///
///
///
///

15

27.    In summary, it is my opinion that the fees sought by plaintiffs' counsel, in the amount of $399,030.00 should be reduced for prevailing market rate excessiveness alone by no less than **$215,800.00** based on a lodestar rate adjustment of the rates as set forth in the table below.  Applying this rate reduction, the total adjusted fees would be $183,230.00.

| LODESTAR RATE SUMMARY | | | | | |
|------|------|------|------|------|------|
| **ATTY** | **HRS** | **RATE** | **FEES** | **ADJ RATE** | **ADJ FEES** |
| RSP | 106.20 | $850 | $90,270.00 | $350 | $37,170.00 |
| SMM | 271.00 | $770 | $208,670.00 | $350 | $94,850.00 |
| MP | 103.00 | $700 | $72,100.00 | $350 | $36,050.00 |
| LT | 26.80 | $700 | $18,760.00 | $350 | $9,380.00 |
| KC | 0.30 | $300 | $90.00 | $225 | $67.50 |
| CT | 45.70 | $200 | $9,140.00 | $125 | $5,712.50 |
| **TOTAL** | | | **$399,030.00** | | **$183,230.00** |
| | **Adj. Fee Difference** | | | | **<$215,800.00>** |

However, other factors addressed hereinbelow mandate that this amount be further reduced.  For example, in my opinion, a further rate reduction should be applied to substantial portions of the time submitted by plaintiffs' counsel since much of their time involved the handling of tasks typically performed by an associate level attorney.  I will address this issue as part of my analysis of the second lodestar factor –reasonable time expended.

5.    **Lodestar Analysis of Reasonable Time Expended**

28.    The second factor of the lodestar analysis is a determination of their reasonable time expended.  The United States Supreme Court in <u>Hensley</u> gives the district's court's guidance on this issue stating that the district court should exclude from the initial fee calculation hours that were not "reasonably expended."  The

16

U.S. Supreme Court noted that counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are *excessive, redundant or otherwise unnecessary*, just as a lawyer in private practice is ethically obligated to exclude such hours from his fee submission.  The U.S. Supreme Court explained that in the private sector, 'billing judgment' is an important component in fee setting and is no less important in this context so that hours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority.  [Hensley v. Eckerhart, 461 U.S. 424, 434]

29.   In my opinion, it was unreasonable for the plaintiffs' counsel to have involved three different law firms (actually four different law firms since Mr. Tron has his own separate law firm, Tron & Tron) that litigated this case as an individual matter.  While it is not uncommon for two or more law firms to ban together to handle class action lawsuits because of their procedural complexities, this was not a class action matter. It is my opinion that this case should reasonably have been handled by one senior lawyer with the assistance of an associate and with the assistance of a paralegal.  The handling of this matter by the four separate law firms in my opinion led to considerable duplicative/unreasonable time and an overall failure to staff the matter in a reasonable fashion so that the time charged was commensurate with the skill necessary to perform the tasks.  I have determined that there was no staffing of associate attorneys to perform the routine pre-trial matters such as preparation of the complaint, discovery, and law and motion matters.  All of the charges submitted are (abnormally) by highly experienced lawyers who are seeking abnormally high rates for all services performed.  I therefore do not believe the amount of time charged nor the amount is reasonable.

30.   Recent California district courts have found that overstaffing can include the failure to appropriately delegate tasks to staff attorneys with lower billing rates. [Stonebrae, L.P. v. Toll Bros., Inc., (2011) 2011 U.S. Dist. LEXIS 39822 (N.D. Cal. 2011); Gold v. NCO Fin. Sys., (2010) 2010 U.S. Dist. LEXIS

17

86433 (S.D. Cal. 2010)]. As a corollary to this principle, the Ninth Circuit Court has found that district court judges, in performing their lodestar analysis, may properly evaluate the simplicity of the skill necessary to perform a given task as justification for a reduction in the rate for the hours spent performing that task. [Moreno v. City of Sacramento, 534 F. 3d 1106 (9th Cir. 2008)]. In the Moreno case, the Ninth Circuit Court upheld the trial court's reduction of a partner's rate from $300 per hour to $75 per hour (paralegal rate) in connection with the preparation of deposition summaries. In addition to the overstaffing a case with senior level attorneys, in my opinion, the number of attorneys involved by plaintiffs' counsel also led to inefficiency and duplicative time. I will address these issues by the respective individual timekeepers/law firms.

### 1. Attorney R. Samuel Paz

#### Unreasonable Attendance at Criminal Hearing

31. Attorney R. Samuel Paz has submitted time records totaling 106.20 hours at a requested rate of $850 per hour totaling fees sought in the amount of **$90,270.00**. I have reviewed the time entries by attorney Paz and, in my opinion, a substantial portion of the hours submitted were either unreasonably necessary or duplicative of time submitted by other counsel in the case. For example, of the total 106.20 hours of time submitted by attorney Paz, 42.90 hours or approximately 40% of his time was billed for attending the preliminary hearing of the 8 criminal defendants alleged to have murdered Jonathan Najera.

32. In Paragraph 2 of his supporting declaration for fees, attorney Paz states that he attended the pre-trial hearing whereby he was able to determine from the testimony the manner in which the criminal defendants "were able to use the lax discipline of the jail deputies and arrange for the killing of Jonathan Najera" and further revealed policy issues in the instant case that the Los Angeles County Sheriff Department had no provision for keep-away classification for a co-defendant witness who testified against co-defendants who are known prison gang

**DECLARATION OF BRAND COOPER IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFFS' PETITION FOR ATTORNEYS' FEES AND COSTS**

members.  At Mr. Paz' requested rate of $850 per hour, this information for sitting through a preliminary hearing was gleaned at a fee cost of $41,820.00. This practice was in my opinion unreasonable and unnecessary.  In my opinion, any one of the following reasonable alternatives should have been employed to develop this same information at a drastically reduced cost: (1) to have a paralegal or associate sit through the hearing and take notes; (2) obtain transcripts of the hearing and have paralegal Thompson summarize the transcripts; (3) serve a few written interrogatories and/or request for admissions; or, (4) take the deposition of COLA's PMK (which in fact was done).  There was no reasonable necessity for attorney Paz to have attended the criminal preliminary hearing over 5 full days of testimony  to develop this information against the defendant County of Los Angeles. At the very least, this time should only be reimbursed at a rate commensurate with the note-taking skills necessary to obtain the information regarding the procedures of the County.

<u>Associate Level Tasks</u>

33.    Attorney Paz performed other tasks such as taking the lead in conducting the pre-litigation investigation, preparation of the initial complaint, and conducting certain factual and legal research regarding deputy violence and liability concerning the failure to supervise at the men's county jail.  In connection with those three tasks, I have identified a total of 31.70 hours related to these three tasks (6.80 hours for pre-litigation investigation and meeting with the clients, 16.80 hours to draft and finalize the preparation of the initial complaint, and 8.10 hours for additional factual and legal research).  In my opinion, these three tasks are typical associate level tasks which are routinely performed in cases and therefore a further rate reduction from partner level to associate level rates should be applied.  In my opinion, an associate level rate for this work would be no more than $225 per hour reflecting total fees in the amount of **$7,132.50** to be allowed for the reasonable value of the time expended by attorney Paz.

19

Duplicative Tasks

34.    The remaining time submitted by attorney Paz appear to be duplicative or unnecessary.  For example, attorney Paz submitted 1.40 hours for his time on June 22, 2012 to attend the status conference hearing which was also attended by attorney Mercado.  Mr. Paz also did additional tasks that appears to be duplicative of attorney Mercado's time including research related to the motion to compel filed by the plaintiffs in connection with the "death review" issue.  He also participated in frequent office conferences with attorney Mercado which do not appear to have been reasonably necessary and would not have been necessary if the case were handled by one law firm.

### 2.    Sonia Mercado & Associates

Associate Level Tasks

35.    The law offices of Sonia Mercado & Associates submitted time totaling 271.00 hours.  From my review of the moving papers, all of the time submitted by Sonia Mercado & Associates was by partner Sonia Mercado at her requested hourly rate of $770 per hour for a total fees request in the amount of **$208,670.00**.  As in the case of attorney Paz, most of the time and tasks performed by attorney Mercado were tasks an associate level attorney would normally and routinely perform.  Such tasks included law and motion matters such as (1) the preparation of motion to compel further documents and meet and confer issues related thereto, (2) reviewing production of documents by the County of Los Angeles, (3) preparation of the governmental claim, and (4) reviewing and revising edits to the complaint and first amended complaint and preparation of Rule 26 documentation.  Of the 271 hours submitted by attorney Mercado, in my opinion, only 21.90 hours involved tasks that reached the partner level of work.  I submit the dates, description and hours of those entries which I consider to be partner level activities in the table below.

///

20

| PARTNER LEVEL ACTIVITIES | | |
|---|---|---|
| **DATE** | **DESCRIPTION** | **HOURS** |
| 03/18/11 | Meet with client | 1.30 |
| 06/22/12 | Attend status conference | 1.30 |
| 08/01/12 | Meet with clients | 4.50 |
| 08/13/12 | Attend client depositions | 5.70 |
| 08/29/12 | Attend settlement conference | 2.80 |
| 12/17/12 | Attend jail inspection | 1.80 |
| 12/18/12 | Attend COLA PMK deposition | 4.50 |
| | **TOTAL** | **21.90** |

In my opinion, the remaining 249.20 hours involved associate level activities which, in my opinion, requires a further rate reduction from $350 per hour to $225 per hour.  Applying a $125 per hour rate difference to the 249.10 hours amounts to a further rate reduction of attorney Mercado's time totaling **$31,127.50**.

<u>Excessive Conferencing</u>

36.    In addition to attorney Mercado's time submitted for associate level tasks, I have found a few other billing issues related to the time she submitted.  For example, I have isolated 25.10 hours billed by Ms. Mercado for conferencing with her co-counsel Samuel Paz, Mark Pachowicz and/or Lanny Tron.  These 25.10 hours represents a little more than 9% of the total time that she has submitted for reimbursement.   In my experience, an average/reasonable amount of time for conferencing with other co-counsel on a case should not exceed 4% to 5% of the total hours. It is my experience that conferencing above this level is an indication that there is duplication of effort. Moreover, it is my opinion that attorneys, particularly experienced ones, should work independently and not have the need to bill extensively for conferencing with each other. I believe these charges are a result of having too many law firms handling this matter. Therefore, in my opinion,

**DECLARATION OF BRAND COOPER IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFFS' PETITION FOR ATTORNEYS' FEES AND COSTS**

approximately 12 hours of her 25.10 hours should not be reimbursed as excessive conferencing.   At her adjusted rate of $225 per hour this comes to a further reduction of **$2,700.00**.

### Vague Entries

37.    I also found a total of 3.10 hours of her time submitted in my opinion is excessively vague.  These includes entries between August 5, 2011 and August 19, 2011 where attorney Mercado consulted with other attorneys  simply identified as "attorney Mr. G, attorney Mr. HM and Attorney Mr. MC" at her adjusted rate of $225 per hour, in my opinion, a further reduction for vague billing amounts to **$697.50**.

### Duplicative Tasks

38.    I have also isolated a total of 8.80 hours in entries which, in my opinion show duplicative efforts of the other attorneys in the case and therefore should not be reimbursed.  Some of these entries would include attorney Mercado's time on January 6th and January 11, 2012 reviewing and revising the complaint that was already being done by attorney Paz.  Similarly, between February 29, 2012 and March 1, 2012, attorney Mercado billed an additional 2.90 hours reviewing and revising the complaint regarding changes made by attorney Pachowicz.  At attorney Mercado's adjusted rate of $225 per hour for associate level tasks, in my opinion, further reduction for duplicative work should be applied in the amount of **$1,980.00**.

39.    In summary with respect to the total fees sought by attorney Mercado in the amount of $208,670.00, in my opinion, those fees should be reduced to a reasonable lodestar fees attributable to the Sonia Mercado & Associates is **$58,345.00** as reflected in the table below.

///

///

///

22

| SONIA MERCADO & ASSOCIATES RECAPITULATION TABLE RE LODESTAR ANALYSIS | |
| --- | --: |
| **Total Fees Requested (SMM)** | **$208,670.00** |
| **Lodestar Fee Reduction** | |
| Lodestar Rate Reduction | **-$113,820.00** |
| Associate Level Task | -$31,127.50 |
| Excessive Conferencing | -$2,700.00 |
| Vague Entries | -$697.50 |
| Duplicative Tasks | -$1,980.00 |
| **Subtotal Lodestar Fees Reduction** | **-$150,325.00** |
| **TOTAL ADJUSTED LODESTAR FEES – SMM** | **$58,345.00** |

### 3.    Law Offices of Mark Pachowicz

40.    The law offices of Mark Pachowicz has submitted time entries totaling 184.70 hours and requesting fees in the amount of **$100,090.00**.  Their fee request includes 129.80 hours by attorneys Mark Pachowicz and Lanny Tron at a requested rate of $700 per hour totaling fees in the amount of $90,860.00.  As in the case of the other attorneys, most of the tasks performed by attorneys Pachowicz and Tron involved associate level tasks.  Of their 129.80 hours submitted, I have identified 32.40 hours submitted by attorney Pachowicz that I would consider to be partner level tasks.  Those tasks and time are identified on the table below.

| PARTNER LEVEL ACTIVITIES | | |
| --- | --- | --- |
| **DATE** | **DESCRIPTION** | **HOURS** |
| 08/01/12 | Meet with client | 5.00 |
| 08/13/12 | Attend depositions of client | 7.00 |
| 08/20/12 | Work on settlement letter | 4.60 |

**DECLARATION OF BRAND COOPER IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFFS' PETITION FOR ATTORNEYS' FEES AND COSTS**

| 08/28/12 | Draft opening statement for mediation | 1.50 |
|---|---|---|
| 08/29/12 | Attend mediation | 3.00 |
| 12/17/12 | Attend jail inspection and deposition preparation | 3.00 |
| 12/18/12 | Take deposition of Deputy Johnson, PMK of COLA | 8.30 |
| | **TOTAL** | **32.40** |

### Associate Level Tasks

41.    In my opinion, the remaining 97.40 hours of time submitted by attorneys Pachowicz and Tron involved associate level activities.  This included review and revising a complaint and preparation of the first amended complaint.  It also included preparing and revising the FRCP Rule 26 Joint Report and the involvement of the Pachowicz firm in connection with plaintiffs' motion to compel further documents from defendant COLA (death review), review of discovery, and meeting with the client in connection with preparation of discovery responses.  With respect to the 97.40 hours of time performed with respect to associate level tasks, in my opinion a further rate reduction should be made by this Court (based on the <u>Stonebrae</u> and <u>Moreno</u> cases cited above) reducing the hourly rate from $350 per hour to $225 per hour.  At a rate difference of $125, this would mean a further rate reduction in the amount of **$12,175.00.**

### Tron Transient Billing

42.    Furthermore, if the Court reviews the time entries of attorney Lanny Tron in isolation, in my opinion, the Court will find that Mr. Tron was a transient biller submitting time totaling 26.80 over approximately 1½ years which entries are simply duplicative of work done by the other attorneys on the case.  His services therefore added no substantive value in the prosecution of the plaintiffs' civil rights action.   In my opinion, none of the time submitted by attorney was reasonably necessary in that it was simply duplicative of tasks already performed by the other

**DECLARATION OF BRAND COOPER IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFFS' PETITION FOR ATTORNEYS' FEES AND COSTS**

attorneys and therefore should be disallowed in its entirety.  In my opinion, the 26.80 hours at the further adjusted rate of $225 per hour totaling **$6,030.00** in fees should be disallowed.

### Clerical/Secretarial Tasks

43.    I have also identified a total of 18.45 hours in time entries submitted by the law offices of Mark Pachowicz that in my opinion are clerical tasks which are not reimbursable.  Purely clerical or secretarial work is not reimbursable no matter who performs the tasks.  [Missouri v. Jenkins, 491 U.S. 274, 288 n.10 (1989)]  For example, on 4/10/12, attorney Kathleen Crouch submitted her one and only time entry for 0.30 hours to prepare a civil case cover sheet and attachment for filing.  In my opinion, this is a clerical/secretarial task and her time at her adjusted rate of $225 per hour or **$67.50** per should not be allowed.  Similarly, attorney Pachowicz' 4/13/12 time entry for 0.10 hour to print all initial pleadings should also be disallowed as a clerical/secretarial task.  At his adjusted rate of $225 per hour, the fees of **$30.00** should not be allowed.

44.    Additionally, I have identified 18.25 hours of time entries submitted by paralegal Charlene Thompson which should also be disallowed as clerical/secretarial tasks.  This includes for example time entries between December 28, 2011 and January 6, 2012 totaling 11.80 hours to review and scan items provided by plaintiff Antonia Najera.  At paralegal Thompson's adjusted rate of $125 per hour, in my opinion, there should be a further fee reduction of **$2,281.25** ($125 per hour x 18.25 hours).

### Duplicative Tasks

45.    I have isolated 23.60 hours of time submitted by attorney Pachowicz that in my opinion are duplicative of time submitted by attorney Mercado or Paz.  This would include for example, review and editing of the initial draft of the complaint and meetings and correspondence between attorney Pachowicz and attorney Mercado related thereto.  Additionally, it would include the many time

25

entries of attorney Pachowicz related to the meet and confer process and preparation of the motion to compel documents (death review) which was handled by attorney Mercado.  This duplication also includes attorney Pachowicz's court appearance on the motion to compel (death review) on November 14, 2012 for 4.00 hours.  In my opinion, those 23.60 hours at attorney Pachowicz's adjusted rate of $225 per hour totaling fees in the amount of **$5,310.00** should not be allowed.

## **Criminal Preliminary Hearing Attendance**

46.   In addition to attorney Paz attending the preliminary hearing of the criminal defendants alleged to have participating in the murder of Jonathan Najera, attorney Pachowicz also attended the preliminary hearing on May 1, 2012 (7.40 hours).  In my opinion, this time was not reasonably necessary.  At the very least, a transcript of the hearing could have been summarized by paralegal Thompson and the transcript summary could have been reviewed by attorney Pachowicz rather than his attending a full day hearing which had limited if any, benefit to the plaintiffs' civil action against defendant COLA.  At the adjusted rate of $225 per hour, the 7.40 hours representing **$1,665.00** should be disallowed as not reasonably necessary.

## **Excessive Conferencing**

47.   Lastly, I have identified 12.30 hours of time entries submitted by attorney Pachowicz of his total 103 hours or approximately 12% of his total time related to conferencing with his co-counsel.  In my opinion, a reasonable amount of time for conferencing with co-counsel should have been no more than 5% (as explained above) or 5.30 hours.  In my opinion, 7.00 hours of Pachowicz's time involved excessive conferencing with his co-counsel and was not reasonably necessary.  At his adjusted rate of $225 per hour, the fees would total **$1,575.00** ($225 per hour x 7.00 hours).

///

///

**DECLARATION OF BRAND COOPER IN SUPPORT OF DEFENDANT'S OPPOSITION
TO PLAINTIFFS' PETITION FOR ATTORNEYS' FEES AND COSTS**

48.     In summary, it is my opinion that of the fees requested by the law offices of Mark Pachowicz in the amount of $100,090.00, the reasonable lodestar fees attributable to the law offices of Mark Pachowicz is $22,143.75 as reflected on the table below.

| LAW OFFICES OF MARK PACHOWICZ RECAPITULATION TABLE RE LODESTAR ANALYSIS | |
|---|---:|
| **Total Fees Requested** | **$100,090.00** |
| **Lodestar Fee Reduction** | |
| Lodestar Rate Reduction | -$48,880.00 |
| Associate Level Tasks | -$12,175.00 |
| Lanny Tron – transient billing | -$6,030.00 |
| Clerical/Secretarial Tasks  (Crouch/Pachowicz) | -$30.00 |
| Charlene Thompson – Unreasonable Clerical Tasks | -$2,281.25 |
| Pachowicz's duplicative time | -$5,310.00 |
| Criminal Preliminary Hearing Attendance | -$1,665.00 |
| Unreasonable Conferencing with Co-counsel | -$1,575.00 |
| **Subtotal Lodestar Fees Reduction** | **$77,946.25** |
| **TOTAL LODESTAR FEES** | **$22,143.75** |

///

///

///

///

///

///

///

///

///

///

27

49.   In summary, with respect to the total fees sought by the three plaintiff law firms and the total amount of $399,030.00, in my opinion, the total amount of fees that this Court should award is a lodestar amount of **$87,621.25**.  See the table below summarizing what, in my opinion should be the lodestar fees awarded.

| PLAINTIFFS' COUNSELS LODESTAR FEE ANALYSIS | | | |
|---|---|---|---|
| Law Firm | Hours | Actual Fees Request | Lodestar Reasonable Fees |
| R. Samuel Paz | 106.20 | $90,270.00 | $7,132.50 |
| Mercado & Associates | 271.00 | $208,670.00 | $58,345.00 |
| L.O. Mark Pachowicz | 184.70 | $100,090.00 | $22,143.75 |
| **TOTAL** | **561.90** | **$399,030.00** | **$87,621.25** |

I declare under penalty under the laws of the State of California that the foregoing is true and correct.

Executed this 8th day of March 2013 at Pasadena, California.

_Brand Cooper_

_____

Brand Cooper

**DECLARATION OF BRAND COOPER IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS**

# EXHBIT A

## CURRICULUM VITAE

**Brand Cooper**, born in Los Angeles, California, on October 8, 1949; admitted to the bar, 1975, California, United States District Court, Southern District and Central District of California, and United States District Court of Appeals, Ninth Circuit. **Education:** University of Southern California (B.S., 1971); Loyola University (J.D., *magna cum laude*, 1975).  Member, Loyola University Law Review, (1974-1975). (**Author:**  "Civil Conspiracy & Interference with Contractual Relations."  8 Loyola Law Review 312 (quoted with approval by the California Supreme Court in *Applied Equipment v. Litton Saudi Arabia* (1994) 7 Cal. 4th 503 [28 Cal. Rptr. 475])).

Mr. Cooper has spent most of his career handling insurance coverage, bad faith and fee dispute litigation and providing advice to clients in these areas. As part of his insurance coverage practice, Mr. Cooper has developed specialized and extensive experience (and has a reputation for work) in the area of professional fee review and analysis.

His practice in the area of litigation management and cost containment includes a variety of disciplines.  He has, over the last (20) years, developed litigation guidelines for law firms to adhere to in the representation of their clients.  Mr. Cooper and other members of the firm have lectured extensively throughout the United States on litigation and legal fee costs containment, including seminars in almost every major city in the United States.  His law firm represents clients in fee dispute matters and litigates, arbitrates and mediates such disputes.  The firm assists its clients in contemporaneous and retrospective reviews of legal billings to insure that the legal billings are reasonable, appropriate and necessary and comply with billing guidelines and reasonableness standards.  In addition, the firm has analyzed hundreds of litigated matters in connection with the billings to determine which billings relate to discrete issues in the litigation (including *Buss v. Superior Court* allocations).

In addition to the foregoing, Mr. Cooper has testified as an expert on legal malpractice and fee dispute matters in excess of 90 cases in State and Federal Courts in San Francisco, Los Angeles and Orange, and in arbitrations.  The firm has represented a wide variety of corporate clients, governmental entities (including the City of Los Angeles, Resolution Trust Corporation and several U.S. Bankruptcy Courts), and insurance companies in almost every major city in the United States.

The legal bills reviewed have involved transactional work and litigation of every type (*e.g.*, lender liability, products liability, directors and officers' liability, environmental liability, mass disasters, tax controversies and securities law).  A significant amount of this work is performed by Mr. Cooper's firm for law firms seeking opinions on the reasonable value of legal services, the reasonableness of billings and assistance in insurance litigation regarding the scope of an insurance company's duty to defend. Oftentimes the firm is requested by parties to litigation to provide opinions by way of declaration, deposition and/or trial testimony on the reasonableness of attorney fee claims under fee-shifting statutes and under contract provisions and/or amount which a party is obligated to pay based on contractual, statutory or insurance policy provisions.

He has also handled numerous intellectual property matters including Trademark, Copyright, Trade Secrets and Right of Publicity matters.  This work includes the landmark decision of <u>Comedy III v. Saderup</u>, (2001) 25 Cal. 4th 387, [106 Cal.Rptr. 2d 126], involving the right of publicity.

In addition to the foregoing, Mr. Cooper has represented individuals and entities in the electrical utility industry including the California Power Exchange in a contract matter and a former officer of the California Power Exchange in litigation concerning the California Power crisis of 2000 and 2001 and responsibilities of FERC regulated entities to enforce tariff-mandated creditworthiness standards for purchasers of electricity. Currently he is representing municipalities in litigation involving the responsibilities of municipalities and other entities to comply with FERC tariff provisions and the ability of public utility purchasers of electricity to sue municipal sellers of electricity on common law theories for alleged overcharges for electricity.

# EXHIBIT B

**COOPER & BRUNING LLP**

600 South Lake Ave., Suite 402
Pasadena, CA 91106
Tel No. (626)  585-8500
Fax No. (626) 585-8535
E-mail: bc@cooperlaw.com
rmb@cooperlaw.com

---

*Actions Where Expert Testimony Given*

| CASE NAME | DESCRIPTION |
|---|---|
| *ADAMS V. MHC COLONY PARK LIMITED PARTNERSHIP* | County of Stanislaus Superior Court Case no. 611455 (2011) Retained by Robie & Matthai to testify by declaration regarding the reasonableness of the billings of the lawyers (Robie & Matthai and Endeman, Lincoln, Turek & Heater) in mobilepark litigation in Ceres California. |
| *ALFARO V. NOMAD* | Santa Barbara Superior Court Case No. 1264917 (2009) Retained by Fotouhi, Epps, Hillger & Gilroy PC to testify by declaration regarding the reasonableness of the legal billings of the Endeman law firm in a mobilehome park litigation. |
| *AMUSEMENT INDUSTRY, INC. V. MICHAEL ANTIN* | LA Superior Court C253468 (2004) Testified for the law firm of Aviv Tuchman by declaration on reasonableness of fees claimed under contract provisions and under CCP § 2033 in commercial litigation. |
| *ARCINIEGA V. D.R. HORTON, INC.* | American Arbitration Association arbitration # 72 1600032110 (2012)  Retained by Ogletree, Deakins, Nash, Smoak & Stewart, P.C. to testify regarding the rates of the Mc Caffrey law firm in the prosecution of FEHA employment litigation. Testified by Declaration. |
| *BARBER V. HUMAN CONTRACT, LLC ET. AL.* | United States District Court (Central District California) Case no. CV09-00964 VBF; Testified by declaration regarding the reasonableness of billings of Harris & Rouble in FLSA matter (2010) |

| **CASE NAME** | **DESCRIPTION** |
|---|---|
| *BEHESHTI  V. BARTLEY* | Alameda Superior Court (Hayward) (2010)<br><br>Testified at trial before Judge Evelio Grillo on behalf of the Rimon Law Group on the quantum meruit value of services rendered by law offices of Daniel Robert Bartley in employment/defamation litigation. |
| *BEYLICK DRILLING INC. V. MARYLAND CASUALTY CO.* | Orange County Superior Court Case #754463.<br><br>Retained by Demler, Armstrong & Rowland, Long Beach to testify regarding the issue of bad faith in connection with the conduct of Callahan & Blaine. |
| *BLACKBURN V. FEDERAL INSURANCE CO.* | US District Court for the Southern District of CA Case # 05-CV0075-WQH (CAB)<br><br>Retained by Seltzer Caplan McMahon Vitek to testify regarding reasonableness of fees, Brandt fees and entitlement to legal fees based on causation principles in insurance and commercial litigation.<br><br>Testified by Report and Deposition (2006). |
| *BROCK V. WESTWOOD ONE* | Los Angeles Superior Court Case Retained by Mark L. Block of Christensen, Miller, Fink, Jacobs, Glaser, Weil & Shapiro, LLP.<br>Testified on behalf of Christiansen Miller in deposition (2004) regarding reasonableness of attorney billings. |
| *BRYAN CAVE V. FIRST STATE INSURANCE CO.* | Los Angeles Superior Court Case No. BS000249-Arbitrator: Judge Julius Title (1997)<br>Retained by Robert Black of Clausen & Campbell<br>Testified at arbitration as to reasonableness of billings of Bryan, Cave, McPheeters & Roberts. |
| *BUCIO V. CARS 4 LESS, HSBC* | Sacramento Superior Court no. 05AS01484<br><br>Retained by Kirkpatrick & Lockhart, Nichols Graham (2006) to testify by declaration regarding the reasonableness of the legal billings of Louis Liberty in Rees-Levering ASFA act. |

| CASE NAME | DESCRIPTION |
|---|---|
| ***CHAN V. PACKARD*** | Santa Clara County Superior Court no. 1-09-CV-150251<br><br>Retained by Law offices of James Rummonds to testify in deposition and trial (2012) regarding the reasonableness and necessity of the billings of David Packard in a neighbor/border tree dispute on claims of trespass and civil code damages. |
| ***COLE V. NATIONAL UNION*** | Retained by Colin McCarthy from the Robinson Wood firm to determine the reasonable and necessary <u>Brandt</u> fees of the Dickstein, Shapiro firm in coverage and bad faith litigation against National Union. Testified by deposition on reasonableness of charges (2010) |
| ***CSAA V. GREAT AMERICAN*** | San Francisco Superior Court Case No. 897063 Retained by Popelka, Allard, Jim Jones to testify as to reasonableness of billings of Morrison & Foerster. Testified at deposition only. (1999) |
| ***CYRIL & CROWLEY V. HOMESTEAD INSURANCE CO.*** | Marin County Superior Court (1990) Retained by Charleston Revitch & Williams (Howard Wollitz) to testify at San Francisco arbitration on reasonableness of billings of Cyril & Crowley. |
| ***Dantel v. Northwestern Pacific Indemnity*** | U.S. District Court, Eastern District Case No. F-01-6261 AWFDLB (2004) Testified on behalf of Gordon & Rees (Michael Lucey) and Northwestern Pacific Indemnity before arbitrator James Thaxton in Fresno as to the proper allocation of billings between a complaint and cross-complaint in an underlying trade secrets, Unfair Business Practices act matter. |
| ***DENTIST INSURANCE COMPANY v. JEROME BERG*** | San Francisco Superior Court Case No. 896839 –<br><br>Judge Reagan Retained by Fisher & Hurst- Mark Rorem & William Caspari. Testified at jury trial on the reasonableness and integrity of billings of Jerome Berg in malpractice litigation. (approx. 1994) |

| CASE NAME | DESCRIPTION |
|---|---|
| *IN THE MATTER OF DANIEL DONAHUE REVOCABLE TRUST V. DONAHUE* | Orange County Superior Court case no. A225267<br><br>Retained by Bridgford and Gleason for beneficiaries of trust to testify regarding the reasonableness and necessity of billings of Russell Allen and Sacks, Glazier in the representation of the trustees Terry Donahue and Northern Trust in underlying probate litigation between beneficiaries and trustees and testified as to the lack of litigation management performed by the trustees. Testified at trial (2011) |
| *DRC V. SIERRA VISTA* | U.S. District Court, Central District Case No. CV09-3664<br><br>Retained by Manatt, Phelps & Phillips, LLP in (2010) to provide a declaration on the reasonableness of legal fees of Disability Rights of California under fee shifting statute. |
| *EAGEN V. CARS 4 LESS, HSBC* | Sacramento Superior Court no. 05AS03061<br><br>Retained by Kirkpatrick & Lockhart, Nichols Graham (2006) to testify by declaration regarding the reasonableness of the legal billings of Louis Liberty in Rees-Levering ASFA act.. |
| *ELMORE V. HYCRETE, INC* | Alameda County Superior Court Case No. RG 11572935<br><br>Retained by Gordon & Rees to testify by declaration (2012) regarding the reasonableness of the legal billings of Donahoo & Associates submitted in connection with a prevailing wage lawsuit. |
| *ENVIROTECH INDUSTRIES V. UNITED CAPITOL INSURANCE CO.* | United States District Court, Central District of California, Case No. CV-95-1108JMI(GHKx) Retained by Arter & Hadden (Jacqueline Valenzuela, Esq.).Testified by declaration. |
| *ERNEST BROWN & CO. V. MARINA CITY CONTRACTORS* | Orange County Superior Court- Judge Polson Retained by C. Kerry Fields to testify as to billings of Ernest Brown & Co. in construction litigation. Testified at deposition. |
| *ESTATE OF MARILYN HAMBELTON* | Los Angeles Probate matter<br><br>Retained by William M. Paparian to review billings of Law Offices of William R. Van Order.  Testified by declaration on reasonableness of charges (2009) |

4

| CASE NAME | DESCRIPTION |
|---|---|
| *ETHRIDGE V. ZIADEH ENTERPRISES DBA CENTRAL VALLEY MOTORS, LOBEL FINANCIAL CORP.* | Superior Court of the State of California Case No. CV025059<br><br>Testified by declaration 2006<br><br>Retained by Lobel Financial Corp. to testify re: reasonableness of billings of Louis Liberty under ASFA act. |
| *FITZGERALD REES & SHARKEY V. DONALD STERLING* | San Diego Superior Court<br><br>Retained by Arter & Hadden to testify on reasonableness of billings of Fitzgerald, Rees & Sharkey in defense of commercial litigation. Testified at deposition. (approx 1998) |
| *GATEWAY RANCH LLC FORMERLY KNOWN AS LAS LOMAS V. AKIN, GUMP, STRAUSS HAUER & FELD, LLP* | Los Angeles Superior Court Case # 441132 (2012)<br><br>Retained by McKarem & Associates to testify regarding the reasonableness of the billings of Akin Gump in the representation of a land company seeking to require an environmental impact report under the CEQA act in connection with the approval of a development project on the outskirts of the City of Los Angeles. Testified at deposition. |
| *GLEDHILL CHEVROLET V. INDUSTRIAL INDEMNITY* | Arbitrator: Judge Eagleson<br>Retained by Haight, Brown & Bonesteel, Bob Kaufman. Testified at arbitration as to reasonableness billings and covered vs. non covered billings of Baker & Hostetler and obligation of the insurer. (approx 2001) |
| *GOLDSTEIN V. BECK* | Los Angeles Superior Court – West District Case No. SC085201<br><br>Retained by Michael Steiniger, Esq. to testify regarding the billings of McDermott, Will & Emer. Testified by declaration on reasonableness of charges in appellate matter relating to adjacent property owners/trespass/subsidence issues(2010) |
| *GRISWOLD ENTERPRISES V. ROYAL INSURANCE CO.* | Los Angeles Superior Court Case No. BS016907 - Arbitrator: Judge Howard Thielen.<br>Retained by Musick, Peeler & Garrett to review reasonableness and covered vs. non covered billings of Shaub, Regan & Williams litigation. Testified at arbitration. |

| CASE NAME | DESCRIPTION |
|---|---|
| GUTIERREZ V. THE MEADOWS OF NAPA VALLEY | Napa County Superior Court Case No. 26-49809. |
| | Retained by Gordon & Rees to testify regarding the reasonableness and necessity of charges of Plaintiff's counsel in connection with employment discrimination and violation of California Labor Code Sections (2011). |
| GROSS V. CAPITOL ONE BANK | San Francisco Superior Court No. CGC-04-433300. Retained by Morrison & Foerster (2007) to testify regarding the reasonableness of attorneys fees in a class action motion for attorneys' fees in a class action credit card arising under the Truth in Lending Act (15 USC § 1601) . Testified by Declaration |
| GWINNETT COUNTY SCHOOL DISTRICT V. A.A., B.A., ETC. | United States District Court, Northern District of Georgia-Atlanta Division, Case No. 1:09-CV-0445-TWT |
| | Retained by Gwinnett County School District on an IDEA action.  Testified by declaration on the reasonableness of charges. (2010) |
| HARTFORD ACCIDENT & INDEMNITY V. COMMERCE AND INDUSTRY | San Francisco Arbitrator: Thomas Kongsgaard Retained by Kenny, Burd to testify as to reasonableness and covered vs. non covered billings of Fisher & Hurst. Testified at arbitration. (approx 1995) |
| HAVLICEK V. BERJIS | Los Angeles Superior Court Case BC 123 655 Retained by Crusader/Truck Insurance Testified at arbitration before Judge (Ret.) Choate. |
| HERNANDEZ V. THE REGENTS OF THE UNIVERSITY OF CALIFORNIA | Alameda Superior Court Case No. RG-06-272564. Retained by The Regents of the University of California (Gordon & Rees- Michael Laurenson) on reasonableness of rates of Siegel & Yee in an FEHA statutory fee claim (2011). |
| HEYEN V. SAFEWAY INC. | Los Angeles Superior Court Case Nos. BC277481 and BC278726. Retained by Littler & Mendelsohn to provide testimony regarding the reasonableness and necessity of the billings submitted by the law firms of Ian Herzog, Daniel Fine & Israel and Stephen Glick in the prosecution of employment overtime claims against Safeway (2012). |

| CASE NAME | DESCRIPTION |
|---|---|
| *HILLVIEW GLEN V. UNITED NATIONAL* | Orange County Superior Court 02CC00238 (2005). Testified by report in arbitration of allocation of fees from complaint versus cross-complaint on behalf of United National and Sinnott, Dito Moura & Puebla in construction litigation. |
| *HUGHES AIRCRAFT COMPANY V. LIBERTY MUTUAL* | Los Angeles Superior Court Case No. BC 213646 Retained by Black, Compean & Hall, Liberty Mutual to testify as to the allocation of fees between covered and uncovered claims and reasonableness of fees of Kirkland & Ellis in commercial litigation arising out of a breach of commercial lease. Testified by declaration. (approx. 2000) |
| *IMCERA V. LIBERTY MUTUAL INSURANCE CO.* | Los Angeles Superior Court- Judge Macklin Fleming. Retained by Grace, Skycopec to testify as to reasonableness and covered vs. non covered billings of Pillsbury, Madison & Sutro in environmental litigation. Testified at jury trial. (approx. 1999). |
| *IN RE MARLENE PENROD* | United States Bankruptcy Court for the Northern District of California (SF Div.) Case No. 07-30252<br><br>Retained by creditor and counsel to provide testimony regarding the reasonableness of rates of bankruptcy counsel (2011) |
| *JACKSON, LEXINGTON V. MCLEAN & SCHACK* | Los Angeles Superior Court- Judge Victor Chavez. Retained by David Clark of Chase, Rotchford to testify regarding reasonableness of insurance company's conduct in insurance brokerage malpractice action. Testified in Jury trial. (approx. 1996) |
| *J.R. MARKETING LLC V. HARTFORD INSURANCE COMPANY, ET AL* | Superior Court of California, County of San Francisco Case Number: CGC-06-449220 Cause of Action: Subrogation/Insurance<br><br>Testified by declaration on reasonableness of billings of Squire Sanders in commercial litigation between competing companies. (2010) |

| CASE NAME | DESCRIPTION |
|---|---|
| *KECK, MAHIN & CATE V. SUN WEST INSULATION* | Los Angeles County Superior Court Case No. SC012991. Retained by Andrade & Hargan, Newport Beach, to testify as to reasonableness of billings of Keck, Mahin & Cate in construction litigation. Testified at deposition. (approx. 2004) |
| *KIMBALL SMALL V. GREAT AMERICAN* | San Jose Superior Court Case No. 701016 Retained by Lynch, Loofborow to testify as to reasonableness and covered vs. non covered billings of Gibson, Dunn & Crutcher on environmental liability matter. Testified at deposition. (approx. 1997) |
| *LAS VIRGENES UNIFIED SCHOOL DISTRICT ADV. H. BERRY* | United States Court of Appeals Ninth Circuit; Testified by Declaration regarding reasonableness of billings of Newman, Aaronson & Vanaman in IDEA matter. (2010) |
| *LAS VIRGENES UNIFIED SCHOOL DISTRICT ADV. H. BERRY* | United States District Court Case No. CV 04-8572 FMC (SSx)<br><br>Retained by The Weatherly Law Firm & Fagan Friedman & Fulfrost to defend Las Virgenes Unified School District and testify by declaration regarding the reasonableness of fees of Newman, Aaronson & Vanaman under IDEA (2010) |
| *IN RE KITEC FITTING LITIGATION* | Nevada District Court, Clerk County Case No. A493302<br><br>Retained by Thagard, Reiss & Brown, LLP. to testify regarding the reasonableness of attorneys fees in products liability matter.    Testified by declaration (2009) |
| *KAMAREI V. MAZAHERI* | Los Angeles Superior Court Case No. BC 422345<br><br>Retained by client and the Martin & McCormick law firm to testify by deposition and in a jury trial (2012) regarding the reasonableness of the billings of Ali Kamarei in a group of cases constructive eviction, interference with quiet enjoyment, fraud, interference with prospective business advantage, abuse of process, defamation, contempt hearings etc. |

| CASE NAME | DESCRIPTION |
|---|---|
| *KRAMER V. MUSICK, PEELER & GARRETT* | Beverly Hills Bar Association Case No 2245-11<br><br>Retained by Law offices of Aviv Tuchman to testify in Mandatory Fee arbitration (2012) regarding the reasonableness of the legal billings of Musick, Peeler & Garrett  in their representation of client who was allegedly defrauded in real estate investment transactions in Panama. |
| *LANGE V. HOME DEPOT USA INC.* | Retained by Ogletree, Deakins, Nash, Smoak & Stewart to testify in Riverside Superior Court RIC 512610 on the reasonableness of the charges claimed by Bononi  Law Group in an FEHA statutory fee claim. Testified by Declaration (2010) |
| *LENSCRAFTERS, INC., ET AL. V. LIBERTY MUTUAL FIRE INS. CO., ET AL.* | United States District Court Case No. CV 04-01001-SBA.  Retained by Ross, Dixon & Bell, LLP to testify regarding the ability to allocate defense costs in a an underlying unfair competition, CLRA, Business and Professions Code § 17200 et seq., matter in dispute between Executive Risk Specialty Insurance Company and Liberty Mutual Fire Insurance Co. Testify by declaration and deposition – (2005). |
| *LEONARD, DICKER & SCHREIBER V. TITAN DMD,LLC* | Los Angeles Superior Court Case no. BC 426827<br><br>Retained by Client to testify regarding legal malpractice and overbilling by law firm in an alter ego/construction contract dispute matter. Testified by deposition (2011) |
| *LOBEL FINANCIAL GROUP V. LARA* | JCCP No. 4563; Sacramento Superior Court Case No. 34-2008-00015643-CL-BC-GDS<br>Retained by Severson & Werson to testify by declaration regarding the reasonableness of billings of Kemnitzer, Barron & Krieg, LLP and the Trueblood Law Firm in a statutory fee claim under the ASFA (Rees-Levering) act. (2010) |
| *LONDON V. MIEC* | Oakland Superior Court. Retained by Tyler Draa of Hinshaw, Winkler, Draa, Marsh & Still to testify at jury trial re reasonableness of billings of Cox, Buchanan & Padmore in a medical malpractice matter and obligation of the insurer MIEC. (approx. 1995) |

| CASE NAME | DESCRIPTION |
|---|---|
| _LONGS DRUG STORES CALIFORNIA, INC. V. FEDERAL INSURANCE COMPANY_ | U.S.D.C. Northern District C03 01746 JSW (2005). Testified by declaration regarding reasonableness of billings of Felice, Brown, Eassa & McLeod firm and obligation to defend on behalf of Federal Insurance Company and Newton Remmel. |
| _MARSHALL V. ANNA NICOLE SMITH_ | U.S. Bankruptcy Central District LA96-12510-SB Retained by Sedgwick, Detert, Moran & Arnold. (Alan Frieslaben). Testified at an arbitration before Judge Eric Younger on allocation of fees of Kinsella, Boesch & Fujikawa between claims of bankruptcy and in defense of a slander action in the litigation between Pierce Marshall and Anna Nicole Smith. (approx 2003) |
| _MATSON V. DEAN_ | Los Angeles Superior Court Case no. BC410845.<br><br>Retained by William Gwire on behalf of the client to testify regarding the unconscionability of the contingent fee agreement and the quantum meruit value of the services provided by Ronald Dean in handling a disability claim under ERISA. Testified at trial  (Judge Stern) (2011) |
| _MCCALL V. SAFETY CONSULTANT SERVICES, INC., ET AL._ | Los Angeles Superior Court Case No. VC046814 Retained by Kern & Gonzalez to review reasonableness of billings of Philip J. Ganz, Jr. in an Unruh Act action under California Civil Code, § 51 et. seq.<br><br>Testified by declaration on reasonableness of charges (2008) |
| _MILLER, STARR V. INDUSTRIAL UNDERWRITERS_ | Expert for Jim Price of Industrial Indemnity Reviewed reasonableness and covered vs. non covered billings of Miller, Starr in real estate litigation.Testified at arbitration in San Francisco (JAMS). (approx. 1993) |
| _NEHME V. WELLPOINT, INC._ | Los Angeles Superior Court Case No. BC396316<br><br>Retained by Scott C. Glovsky to testify regarding reasonableness of fees in a Brandt fee matter. Testified by declaration (2010) |

10

| CASE NAME | DESCRIPTION |
|---|---|
| **NEVADA POWER V. LAS VEGAS BUILDING MATERIALS** | Federal District Court, Nevada- Case No. CV-S-87-477 HDM<br>Retained by Bishop, Barry, Howe, Haney & Ryder to testify on the reasonableness of billings of Paul, Hastings, Janofsky & Walker in litigation over construction of power plant.Testified by declaration. (approx. 1993). |
| **NICKELSON V. TRW, INC.** | USDC (Central District) Case No. CV 96-3193 RSWL.  Retained by Munger, Tolles & Olson on behalf of TRW to testify regarding reasonableness of fees. Testified at arbitration before Justice (Ret.) John Trotter. |
| **NQCI V. BRYAN CAVE LAW FIRM** | Retained by Dickstein Shapiro, Esq. to testify regarding the billings of Bryan Cave Law Firm. Testified before a three arbitration panel as to the reasonableness of charges (2011) |
| **PARDEE CONSTRUCTION COMPANY V. UNIGARD** | U.S. District Court - Case No. 99-CV 1925 (NLS) Retained by Kern & Wooley on behalf of Unigard Amco, Highland & Liberty Mutual to testify at deposition and trial on the reasonableness of the billings of Sparber, Ferguson in construction litigation. (approx. 1998) |
| **PAUL M. CLARK V. DECRATREND CORP.** | Los Angeles County Superior Court Case No. BC 096412 (Judge Cappai)<br>Retained by Langberg, Cohn & Druz<br>Testified by declaration. |
| **PEPSI V. ONE BEACON ET. AL** | United States District Court (Central District) Case No. CV-10-2696 SVW (Hon. Stephen Wilson). Retained by Wolkin & Curran and Aiwasian & Associates  to testify regarding the reasonableness of the prior audits regarding and attorney fees of Latham & Watkins in the defense of toxic tort/environmental litigation (Avila v. Whitman et al) against Pepsico et al. Rebuttal comments on the methodology of Pepsico's experts. Testified by reports (2010) |

11

| CASE NAME | DESCRIPTION |
|---|---|
| *PERL V. CLARK* | Los Angeles Superior Court No. SC 113962<br><br>Retained by Miller LLP to testify at deposition and trial (2012) on the reasonableness and causal relationship of legal billings submitted to rectify alleged legal malpractice action involving irrevocable trust amendments and failure to provide proper trust administration advice. |
| *PHARMACIA & UPJOHNV V. GREAT LAKES CHEMICAL CORP.* | Retained by Clausen & Miller (Chicago, Illinois). Testified in deposition before trial in case venued in Kalamazoo, Michigan on the obligation of Great Lakes Chemical to pay for portions of the billings of Jenner & Block in connection with products liability litigation. (approx. 1998) |
| ***POMEROY v. SCOTTSDALE INSURANCE COMPANY*** | Orange County Superior Court. Retained by Conkle & Olesten to testify as to reasonableness of conduct of Scottsdale and its counsel Joseph Ryan in connection with decision to refuse to defend. Testified to jury. Jury verdict over $4,000,000 against Scottsdale. (approx. 1996) |
| *PRUDENTIAL INSURANCE CO. V. INNERSPACE* | Los Angeles Superior Court - Torrance- Judge Thomas. Retained by Chapman & Glucksman to review billings of Gibson, Dunn & Crutcher In commercial lease litigation. Testified by declaration on reasonableness of charges. (approx. 1996) |
| *QUINN EMANUEL URQUHART V. MARIETTA HOLDING CORPORATION, ET AL.* | Los Angeles Superior Court Case No. BC420238<br><br>Retained by Baute & Tidus to review billings of Quinn Emanuel Urquhart in commercial litigation. Testified by declaration on reasonableness of charges (2009) |
| *RAPORE V. DONALD BEACH* | Los Angeles County Superior Court Case No. SC 022261. Retained by Rapore & Lowe. Testified by declaration. |
| *REY V. MADERA* | Madera Superior Court Case No. MCV043467. Retained by Atkinson, Andelson, Loya, Ruud & Romo and Mennemeier, Glassman & Stroud to testify regarding the reasonableness of fees of Gibson Dunn & Crutcher in a California Voting Right's Act of 2001 matter. Testified by declaration on reasonableness of fees sought (2010). |

| CASE NAME | DESCRIPTION |
|---|---|
| *SALAZAR V. INTERLAND, INC.* | U.S.D.C. Central CV-04-2498-JFW (2005) Testified by declaration for defendant and Wargo and French and Sonnenschein, Nath & Rosenthal on reasonableness of fees claimed as sanctions and upon remand under Federal statute 28 U.S.C. §1447(c) for removal and remand. |
| *SEARS, HAPEMAN & PACIFIC RIVIERA PROPERTIES, INC. V. HURLBUT, ET AL.* | Orange County Bar Association, OCBA Case No. OC-09-5056 |
| | Retained by the Law Offices of Vaughn Hapeman to review and prepare declaration on the reasonableness of the billings in a partnership dissolution matter. (2010) |
| *SALBERG V. STARCEVICH* | Santa Clara County Superior Court Case No. 1-06-CV-059501. Testified by deposition (2007) as to the quantum meruit amount of legal fees that should be awarded to attorneys, Starcevich, Messetti and Tobin for their prosecution of several clergy abuse cases against the Roman Catholic Church. Retainer by Murphy, Pearson, Bradley & Feeney and Hinshaw & Culbertson in San Francisco. |
| *SCHLOSSER V. WOLLERSHEIM* | Los Angeles Superior Court No. C 332 027. Judge Hess (2005).  Testified at jury trial as to reasonableness of attorney's fees claimed on a quantum meruit basis for work performed over a 12 year period of time prosecuting the landmark Wollersheim v. Church of Scientology case. Retained by William Gwire, San Francisco. |
| *SIERRA VIEW LOCAL HEALTH CARE DISTRICT  V. SIERRA VIEW MEDICAL PLAZA ASSOCIATES, LP., ET AL.* | Superior Court of the State of California, County of Kern–Metropolitan Division: Case No. S-1500-CV-247349-LPE (2006) |
| | Retained by Noriega & Bradshaw, LLP on behalf of defendant to review and prepare Declaration in Support of Sierra View Medical Plaza Associate's Motion for Award of Litigation Expenses in an eminent domain matter. |

13

| CASE NAME | DESCRIPTION |
|---|---|
| SOFAMOR DANEK V. ROYAL INSURANCE COMPANY | Retained by Royal Insurance Company and AIU. Testified in US District Federal Court in Memphis, TN on the billings of Pepper, Hamilton & Sheetz in MDL pedicle screw product liability litigation. (approx. 2002) |
| SOUTHWEST MARINE V. CIGA | Los Angeles Superior Court Case No. 920323 Retained by Clausen & Campbell to review billings of Heller, Ehrman in insurance litigation. Testified at deposition only. |
| SPANKY'S PORTABLE SERVICES, INC. V. DOUGLAS BRIMMER, ET AL. | Superior Court of the State of California, County of San Diego, North County Division: Case No. GIN 047629 (2006). Testified by declaration on reasonableness of billings of Latham & Watkins in misappropriation of trade secrets matter and entitlement to legal fees under Civil Code for requests for admissions. |
| STAGNARO V. HOME DEPOT U.S.A. INC. | United States District Court Central Dist. Cal Case No. CV11-3359RSWL. Retained by Ogletree Deakins to testify regarding the reasonableness of the charges of the Fink & Steinberg firm in an FEHA discrimination claim in Federal Court (2012). |
| STALLWORTH V. CITY OF LOS ANGELES | Los Angeles Superior Court Case No. BC 341480. Testified by declaration on reasonableness of billings in connection with civil rights action under 28 USC § 1983. (2009) |
| STROOK, STROOK & LAVAN V. NATIONAL CLAIMS MANAGEMENT | Los Angeles Superior Court Case No. BC 203034 Retained by Strook, Strook & Lavan to testify at deposition and trial as to reasonableness of billings of Strook, Strook & Lavan in commercial litigation. |
| THANE INTERNATIONAL INC. V. HARTFORD FIRE INSURANCE CO. | Retained by Mendes & Mount to testify in U.S.D.C. (Eastern District) Case No. EDCV-06-01309 on billings of Akin Gump. Testified in deposition (2008) on reasonableness of billings and allocability of billings in underlying trade secrets and licensing litigation. |

14

| CASE NAME | DESCRIPTION |
|---|---|
| *THANE INTERNATIONAL INC. V. HARTFORD FIRE INSURANCE CO.* | Retained by Mendes & Mount to testify in U.S.D.C (Eastern District) Case No. ED CV 06-01244 on reasonableness and allocability of billings of Slovak, Baron & Empey in trade secrets and licensing litigation. Testified at trial (2008) Riverside Federal Court Judge Virginia Phillips. |
| *THE HOUSING GROUP V. GREAT AMERICAN* | Arbitration by Judge Sumner of J.A.M.S. Reviewed billings of Raitt & Dobrin Testified at arbitration on the reasonableness of billings in construction litigation and obligation of insurer. (approx. 1994) |
| *THIERMAN, COOK V. DELCON* | Retained by Bernard & Wood, Oakland, California, to testify as to billings of Thierman, Cook on National Labor Relations Board matter. Testified at jury trial in San Francisco Superior Court. (approx. 1990) |
| *TRAVELERS INDEMNITY CO. V. LIBERTY MUTUAL INSURANCE CO.* | U.S. District Court - Northern District (Oakland) C94-03177CW.  Testified at trial on a construction defect matter on reasonableness of legal fees of Morganstein & Jubelirer. Retained by Ropers, Majeski, Kohn & Bentley. (approx. 2000) |
| *TRITON ENERGY LTD. V. GENERALI RE SPHERE/ DRAKE INS. CO.* | 191st Judicial Court of Dallas County, Texas - DV99-7043 Retained by Harrison, Bettis & Staff of Houston, Texas to testify on reasonableness of billings of Reardon & McKenzie in commercial litigation. Testified at deposition. (approx. 1997) |
| *UNION ELECTRIC CO. V. AMER. AUTO INS. CO., ET AL.* | Testified by deposition on reasonableness of charges of counsel in Edwardsville, Illinois – Hepler Broom LLC in asbestosis litigation (2010) |
| *UNITEDHEALTH GROUP V. COLUMBIA CASUALTY, FIREMAN'S FUND INSURANCE COMPANY* | U.S. District Court (Minnesota) action Case No. 05-cv-01289-PGS-SER

Retained by Trautman Sanders (2010) to testify at deposition and trial regarding the reasonableness of attorneys fees charged by Weil, Gotshal & Manges in the defense of UnitedHealth Group in fraud class action litigation arising from reimbursement payments made to doctors and health care providers under health care plans. (approximately 28 million in fees) |

15

| CASE NAME | DESCRIPTION |
|---|---|
| *UNITED PACIFIC V. ROHR INDUSTRIES* | Los Angeles Superior Court<br>Retained by Long & Levitt to testify at arbitration on the reasonableness of billings by McCutchen, Doyle, Brown & Enersen. (approx. 1994) |
| *UNOCAL v. LEXINGTON* | U.S. District Court Central District of California Case No. 05-1857 JFW<br><br>Retained by Severson & Werson (2006) to testify at deposition and at trial regarding the $35 million in legal fees and costs submitted by three law firms (O' Melveny & Myers, Howrie and Simon and Munger, Tolles & Olson) on behalf of Unocal in connection with the litigation arising out of the Unocal pipeline in Myanmar. |
| *VANNGUYEN V. DRIVE OFF FINANCIAL INC.* | Sacramento Superior Court No. 07AS03908. Retained by Foell & Elder, Orange County (2008) to testify by declaration as to reasonableness of plaintiff's motion for fees in class action matter under ASFA act. Testified by Declaration. |
| *VITTERBI V. NORTHERN TRUST CORPORATION* | JAMS Arbitration No. 1240019444; Court of Appeals, Ret. Judge Edward Wallin<br><br>Retained by Frank E. Rogozienski, Inc. Testified at arbitration on the reasonableness of billings of Jeffer, Mangels, Butler & Marmaro, LLP and Neal, Gerber & Eisenberg LLP in connection with commercial arbitration of securities claims. (2010) |
| *WATSON V. CITY OF LOS ANGELES* | Los Angeles County Superior Court Case No. BC 085132. Retained by City of Los Angeles to testify regarding civil rights action under 28 USC § 1983.Testified by declaration (approx. 1999). |
| *WEHNER AND PERLMAN V. TRUCK INSURANCE EXCHANGE* | Los Angeles Superior Court Case No. BC003065 - Arbitrator: Judge Eagleson.  Retained by Waldman & Graham. Testified at arbitration on the reasonableness of billings of Wehner & Perlman in connection with underlying class action litigation (approx. 1996). |
| *WEINGARTEN V. PARADIGM INDUSTRIES, INC. ET AL.* | Los Angeles JAMS Case No. 1220041382<br><br>Retained by Carroll, Burdick & McDonough. Testified at arbitration on the reasonableness of billings of Spillane Weingarten in connection with defense of jointventure/interference and unlawful business practices action (2010) |

16

**PROOF OF SERVICE**
**(CCP §§ 1013(a) and 2015.5; FRCP 5)**

State of California,            )
                               )  ss.
**County of Orange**            )

      I am employed in the County of    ☐ **Los Angeles**    ☒ **Orange**, State of California.
I am over the age of 18 and not a party to the within action; my business address is:

☐   1100 El Centro Street, <u>**South** Pasadena</u>, California 91030

☒   750 The City Drive, Suite 400, <u>**Orange**</u>, California  92868

      On this date, I served the foregoing document described as **DECLARATION OF BRAND COOPER IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS** on the interested parties in this action by placing same in a sealed envelope, addressed as follows:

| | |
|---|---|
| Mark Pachowicz, Esq. | Sonia M. Mercado, Esq. |
| LAW OFFICES OF MARK PACHOWICZ | SONIA MERCADO & ASSOCIATES |
| 771 E. Daily Drive, Suite 230 | 5711 W. Slauson Avenue, Suite 100 |
| Camarillo, CA 93010 | Culver City, CA 90230 |
| (805) 987-4975 | (310) 410-2981 – FAX: (310) 410-2957 |
| <u>Mark@Pachowicz.com</u> | <u>Soniamer2002@yahoo.com</u> |
| **Attorneys for Plaintiffs, ESTATE OF JONATHAN NAJERA and ANTONIA NAJERA** | **Attorneys for Plaintiff, ALFREDO NAJERA** |

☐   **(BY MAIL)** - I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail in **South Pasadena/Orange**, California to be served on the parties as indicated on the attached service list.  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at: **South Pasadena/Orange**, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐   **(BY CERTIFIED MAIL)** – I caused such envelope(s) with postage thereon fully prepaid via Certified Mail Return Receipt Requested to be placed in the United States Mail in **South Pasadena/Orange**, California.

☐   **BY EXPRESS MAIL OR ANOTHER METHOD OF DELIVERY PROVIDING FOR OVERNIGHT DELIVERY**

☒   **(BY ELECTRONIC FILING AND/OR  SERVICE)** – I served a true copy, with all exhibits, electronically on designated recipients listed on the attached Service List on: <u>   March 8, 2013   </u> (Date) at <u>       </u> (Time)

☐   **FEDERAL EXPRESS** - I caused the envelope to be delivered to an authorized courier or driver authorized to receive documents with delivery fees provided for.

☐   **(BY FACSIMILE)** - I caused the above-described document(s) to be transmitted to the offices of the interested parties at the facsimile number(s) indicated on the attached <u>Service List</u> and the activity report(s) generated by facsimile number **(626) 243-1111 (So. Pasadena) or (714) 823-4101 (Orange)** indicated all pages were transmitted.

☐   **(BY PERSONAL SERVICE)** - I caused such envelope(s) to be delivered by hand to the office(s) of the addressee(s).

      Executed on **March 8, 2013** at: **South Pasadena**, California.

☐   **(STATE)** - I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒   **(FEDERAL)** - I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____
Laurey Walper
<u>lcarpenter@ccmslaw.com</u>